[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Linda A. White has brought this contract action against defendant Associated Building Wreckers Inc. by amended complaint dated August 30, 1996. Plaintiff is the present owner of residential property located at 107 Root Road in Somers, Connecticut. She received it by quitclaim deed in January 1989 from her husband Alan G. White.
In count one of the complaint plaintiff alleges that in January 1989 defendant and Alan G. White (the then owner of said property) entered into negotiations to permit the defendant to fill the rear of White's property with clean fill and noncombustible debris. Plaintiff claims that the negotiations CT Page 5453 culminated in the submission by Alan G. White of a "written counter-offer," (a copy of which is attached to the amended complaint) describing the duties and obligations of each party regarding the landfill operation. Plaintiff alleges that defendant orally agreed to the terms of the counter-offer and accepted the counter-offer by commencing to perform the filling operation. She further claims that the defendant breached the contract as set forth in the counter-offer in a number of ways.
In count two she alleges that at the time the filling operation began, she and her predecessor in interest, Alan G. White, "had a reasonable expectation" that all expenses associated with removing trees from the site to be filled, obtaining all necessary local, state and federal permits and approvals pertaining to the filling operation, and providing labor and materials to grade and place a final cover on the site in accordance with local, state and federal regulations would be paid by defendant.
A trial to the court was held on May 20 and 21, 1997. The court finds the following:
As to count one, the court finds that the so-called counteroffer is no counter-offer at all. It appears to be an unsigned agreement proposed by Zane Mirkin (president of the defendant) on which Mr. White inserted handwritten remarks such as "no" or "ok" beside certain paragraphs. The court fails to see how these remarks can be interpreted as a counter-offer. The court further finds that the defendant did not orally agree to the so-called terms of the so-called counter-offer. In fact, Alan White and Zane Mirkin signed a written agreement in which their agreed terms are fully set forth. (Defendant's Exhibits A and K). Although Alan White testified at trial that he never signed the written agreement and that his name was forged on the document, the court finds that he did in fact sign the document and that he did so in the presence of Zane Mirkin.
Although the plaintiff alleged in the complaint that defendant breached the "oral agreement" in a number of ways, at trial her only claim of breach was that defendant "failed to provide labor and materials to grade and place a final cover on the site and to do so in accordance with local, state and federal regulations." In this regard the court notes that paragraph 10 of the written signed agreement provides: "The OWNER agrees to be solely responsible for providing the labor and materials to place CT Page 5454 a final cover on the site and to do so in accordance with local, state and federal regulations."
In count two, the plaintiff claims that she had certain expectations in regard to who would be responsible for certain expenses in regard to providing labor and materials to grade and place a final cover on the site. The court finds this claim irrelevant inasmuch as the signed written contract provides that the Owner agrees to be solely responsible for such expenses.
Accordingly, judgment may enter for the defendant, plus costs.
Frances Allen Judge Trial Referee